UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| WALTER LEWIS ROBINSON, | ) | |
|---|---|---|
| | ) | Case No. 1:24-cv-317 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| UNITED STATES DEPARTMENT OF VETERAN AFFAIRS, | ) ) ) | |
| *Defendant*. | | |

## MEMORANDUM OPINION

Before the Court is the Government's motion to dismiss Plaintiff Walter Lewis Robinson's claims against it pursuant to Federal Rule of Civil Procedure 12(b)(1). (Doc. 20.) For the following reasons, the Court will **GRANT** the Government's motion.

### I. BACKGROUND

Plaintiff Walter Lewis Robinson, proceeding *pro se*, initiated this action on September 19, 2024, alleging that the United States was negligent in connection with an eye procedure performed by a "payed [sic] agent of the [United States Department of Veteran Affairs]." (Doc. 1, at 1.) Specifically, Robinson alleges:

> On February 10, 2022, the United States Dept. of Veteran Affairs sent me into the community with a payed [sic] approved appointment by U.S. federal agency Veterans Affairs to Distefano Eye Center facility acting on behalf of the U.S. Veterans Affairs. Distefano Eye Center staff member and agent Dr. Courtney Ridner performed contract procedure on my Right eye. On February 24, 2022, Dr. Ridner performed same procedure. After my Right eye was done I told him that my eye was in pain. He said it's ok that it would get better. When I came back on 2/24/22 for the left eye I told him my right eye wasn't any better, He said it would take a little time, Let's do the other eye now. I have damages in both eyes, lost of sight, flashes, eye pain, blurred vision, light sensitivity, high eye

> pressure, scratchy eyes, itchy eyes, dull ache, among other things very hard to read and write without eye pain, lost of sleep, redness in eyes, etc.

(*Id*. at 2–3.)

On April 17, 2025, the Government moved to dismiss Robinson's complaint under Federal Rule of Civil Procedure 12(b)(1), arguing that the Court does not have subject-matter jurisdiction over the action. (Doc. 20.) In support of its motion, the Government attached declarations from Marcus "Shannon" Bales and LaToya R. Hill. (Docs. 21-1, 21-2.) In his declaration, Bales avers that Robinson was referred to Dr. Ridner and the Distefano Eye Center through the VA's Community Care Program, which allows veterans like Robinson to receive medical treatment at the VA's expense whenever treatment cannot be provided by the VA. (Doc. 21-1, at 1–3.) Bales further avers that, in these situations, the VA may assist the veteran with verifying eligibility to obtain outside services, initiating the referral to the outside provider, and coordinating scheduling. (*Id*.) The VA can also authorize payment for approved healthcare services through a non-VA provider, with the non-VA provider determining the scope of treatment and performance without oversight from the VA. (*Id*.) The VA's Community Care Program is managed through contracts with third-party administrators. (*Id*.)

As it relates Robinson's treatment, Bales avers an optometrist with the VA's Tennessee Valley Healthcare System ("TVHS"), referred him for a bilateral cataract removal surgery, which was performed by Dr. Ridner at Distefano Eye Center. (*Id*.) Optum, a subsidiary of United Healthcare, served as TVHS's Community Care Program Administrator, and managed the referral and payment process related to Robinson's treatment. (*Id*.) As a result, although TVHS paid for the non-VA care received by Robinson from Dr. Ridner and Distefano Eye Center, TVHS did not supervise his treatment. (*Id*.)

On July 10, 2025, Robinson responded to the Government's motion to dismiss, stating:

> My complaint claim is that through the V.A. administrative process the V.A. was negligent in their referral process and monitoring of the Distefano Eye Center and their (comprehensive cataract – Refractive Specialists) doctor and assistance[.]
>
> The Center's Care for me and the doctor's actions fell below the standard of care expected of an ophthalmologist and cause harms.
>
> The doctor's and staff's negligence, with the V.A.'s role also involved negligence in their oversight of preferred providers.
>
> I have gather evidence (medical records) to support my claim against the Veterans Affairs.

(Doc. 27.) The Government replied on July 17, 2025 (Doc. 28), and its motion to dismiss is now ripe for the Court's review.

## II. STANDARD OF LAW

A complaint may be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Under Rule 12(b)(1), a motion to dismiss for lack of subject matter jurisdiction "may either attack the claim of jurisdiction on its face or it can attack the factual basis of jurisdiction." *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005). "A facial attack is a challenge to the sufficiency of the pleading itself" and "the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235–37 (1974). "A factual attack, on the other hand, is . . . a challenge to the factual existence of subject matter jurisdiction." *Id.* at 598. With a factual attack, "no presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* (citation omitted). In reviewing factual motions, "a trial court has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). Plaintiff bears the burden

of proving jurisdiction exists. *Golden*, 410 F.3d at 881; *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

**III. ANALYSIS**

In its motion to dismiss, the Government argues that the Court does not have subject-matter jurisdiction over Robinson's negligence claim because it has not waived sovereign immunity as it relates to the allegedly negligent medical treatment he received from non-governmental healthcare providers. (Doc. 21, at 4–6.)

The federal government enjoys sovereign immunity and "may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *Muniz-Muniz v. U.S. Border Patrol*, 741 F.3d 668, 671 (6th Cir. 2013) (quoting *Munaco v. United States*, 522 F.3d 651, 652–53 (6th Cir. 2008)); *see Block v. North Dakota*, 461 U.S. 273, 287 (1983) ("The United States cannot be sued at all without the consent of Congress."). "A waiver of sovereign immunity may not be implied and exists only when Congress has expressly waived immunity by statute." *Muniz-Muniz*, 741 F.3d at 671 (citing *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33–34 (1992)).

The Federal Tort Claims Act ("FTCA") waives sovereign immunity for personal-injury damages "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). But the FTCA limits its definition of who qualifies as a government employee:

> As used in this chapter and sections 1346(b) and 2401(b) of this title, the term "Federal agency" includes the executive departments, the judicial and legislative branches, the military departments, independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the United States, but does not include any contractor with the United States.
>
> "Employee of the government" includes (1) officers or employees of any federal agency, members of the military or naval forces of the United States, members of the National Guard while engaged in training or duty under section 115, 316, 502,

4

Case 1:24-cv-00317-TRM-CHS    Document 31    Filed 08/27/25    Page 4 of 7    PageID #: 102

> 503, 504, or 505 of title 32, and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation[.]

28 U.S.C. § 2671. Whether a person is an employee or independent contractor is governed by the "control test." *C.H. ex rel Shields v. United States*, 818 F. App'x 481, 485 (6th Cir. 2020) (citing *Logue v. United States*, 412 U.S. 521 (1973)).

> Under that test, the "critical factor" in distinguishing a federal employee, which the FTCA covers, from an independent contractor, which the FTCA does not, is 'the authority of the principal to control the detailed physical performance of the contractor,'. . . that is, 'whether [the contractor's] day- to-day operations are supervised by the Federal Government,' . . .

*Id*.

To the extent Robinson claims that the Government is liable to him for negligent treatment he received from Dr. Ridner and Distefano Eye Clinic, that claim fails because the Government is entitled to sovereign immunity. In its motion to dismiss, the Government provided declarations establishing that TVHS and the VA did not have authority to control or otherwise supervise the care Robinson received from Dr. Ridner or Distefano Eye Center. (Docs 21-1, 21-2.) It further detailed how Optum, a third-party administrator for the V.A.'s Community Care Program, approved Dr. Ridner and Distefano Eye Center. (Doc. 21-1, at 2.) Because the Government supplied facts that suggest Dr. Ridner and Distefano Eye Center were independent contractors, Robinson was required provide countervailing facts demonstrating that they were Government employees such that the Government had waived sovereign immunity under the FTCA. Robinson has not provided any such facts, and, as a result, he has not met his burden to demonstrate that the Court has subject-matter jurisdiction over his claim that it is liable for the allegedly negligent treatment he received. *See Golden*, 410 F.3d at 881.

In his response to the Government's motion to dismiss, Robinson, for the first time, asserts that the VA is liable because "through the V.A. administrative process the V.A. was

negligent in their referral process and monitoring of Distefano Eye Center." (Doc. 27.) Even if Robinson had made such allegations in his complaint (or an amended complaint), the Court would still lack subject-matter jurisdiction in this case. Under 28 U.S.C. § 2680(a), the Government's wavier of sovereign immunity under the FTCA does not apply to "any claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." If a government action "involves an element of judgment or choice," and, if that judgment "is of the kind that the discretionary function was designed to shield," then the Government's waiver of sovereign immunity under the FTCA does not apply, and the Court lacks subject-matter jurisdiction. *L. C. v. United States*, 83 F.4th 534, 543 (6th Cir. 2023). It is the plaintiff's burden to allege and identify facts that demonstrate that his claim is facially outside the exception set forth in 28 U.S.C. § 2680(a), and only if a plaintiff facially alleges matters not excepted by § 2680 does the burden shift to the Government to prove the applicability of a specific provision of § 2680. *Id*.

In this case, Robinson has not met his burden to demonstrate that the Government has waived sovereign immunity as it relates to his claims or his burden to demonstrate that the Court has subject-matter jurisdiction over his claims. In his response to the Government's motion to dismiss, Robinson pivots to a theory which would hold the Government liable for negligently referring him to the Distefano Eye Center and negligently supervising his care. Numerous cases, however, have concluded that "the hiring, training, and supervision of employees are discretionary in nature and fall within the discretionary function exception" to the waiver of sovereign immunity under the FTCA and apply equally to the "selection and supervision of an independent contractor." *Hudson v. United States*, No. 2:06-CV-01, 2008 WL 517009, at *7

6

Case 1:24-cv-00317-TRM-CHS   Document 31   Filed 08/27/25   Page 6 of 7   PageID #: 104

(E.D. Tenn. Feb. 25, 2008) (collecting cases). As a result, plaintiff has not satisfied his burden of demonstrating that the Court has subject-matter jurisdiction over his claims. Accordingly, the Court will **GRANT** the Government's motion to dismiss (Doc. 20).

## IV. CONCLUSION

For the reasons stated herein, the Government's motion to dismiss (Doc. 20) is **GRANTED**, and Robinson's claims against it are **DISMISSED WITH PREJUDICE**.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

> /s/ *Travis R. McDonough*
> **TRAVIS R. MCDONOUGH**
> **UNITED STATES DISTRICT JUDGE**